**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KALLI JENKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00474-FJG |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, The Lincoln National Life Insurance Company ("Lincoln"), files this, its Answer to Plaintiff's Complaint (the "Complaint") [Dkt. 1] filed by Plaintiff, Kalli Jenkins ("Plaintiff"), and states as follows:

**THE PARTIES**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is a lawfully incorporated insurance company that lawfully conducts business in the State of Missouri. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Lincoln admits that Plaintiff has brought a claim for recovery of benefits under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

§ 1132(a)(1)(B) ("ERISA"). Lincoln specifically denies, however, that the bringing of this action gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that it issued a Group Disability Income Policy (the "Policy") to Saint Luke's Health System ("St. Luke's"), which, at certain times, insured disability benefits from the Group Long Term Disability Plan (the "LTD Plan") sponsored by Saint Luke's to provide long term disability benefits to certain of its employees. Lincoln admits that Plaintiff has brought a claim for recovery of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that the bringing of this action gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 7 of the Complaint.

INFORMATION REGARDING TRIAL

8. Lincoln admits the allegations contained in Paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9. Lincoln admits Plaintiff was, at certain times, employed by St. Luke's as a Food Service Worker. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain documents concerning Plaintiff's job and own occupation are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff's last day of work at St. Luke's was on September 7, 2021. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that St. Luke's sponsored the LTD Plan to provide disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits the allegations contained in Paragraph 13 of the Complaint.

14. To the extent that the allegations contained in Paragraph 14 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. Lincoln admits that the LTD Plan was sponsored by St. Luke's. Lincoln admits

that Plaintiff was, at certain times, employed by St. Luke's and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that Plaintiff was, at certain times, employed by St. Luke's and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits the allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy and was delegated certain authority with regard to such claims by St. Luke's as described in the Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that it issued the Policy to St. Luke's, which, at certain times, insured disability benefits from the LTD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy, but Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that Plaintiff was, at certain times, employed by St. Luke's and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. To the extent that the allegations contained in Paragraph 20 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents.

Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that the Policy includes language pertaining to the definition of "Material and Substantial Duties" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that the Policy includes language pertaining to the definition of "Any Occupation" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits it sent a letter to Plaintiff's counsel dated July 18, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it sent a letter to Plaintiff's counsel dated August 31, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits it received a letter from Plaintiff's counsel dated November 17, 2023, appealing the denial of Plaintiff's claim for benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln

denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD

Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD

Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits it sent a letter to Plaintiff's counsel dated January 9, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. To the extent that the allegations contained in Paragraph 48 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however,

that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process and denies that Plaintiff has exhausted administrative remedies with regard to a claim under 29 U.S.C. § 1132(a)(3). Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

## CAUSES OF ACTON

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) - WRONGFUL DENIAL OF BENEFITS

50. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 49 of the Complaint as though fully set forth in response to Paragraph 50 of the Complaint.

51. Lincoln denies the allegations contained in Paragraph 51 of the Complaint.

52. Lincoln denies the allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln denies all allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

**COUNT II**
**29 U.S.C. § 1132(a)(3) - BREACH OF FIDUCIARY DUTY**

56. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 55 of the Complaint as though fully set forth in response to Paragraph 56 of the Complaint.

57. To the extent the allegations in Paragraph 57 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 57 of the Complaint.

58. To the extent the allegations in Paragraph 58 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 58 of the Complaint.

59. To the extent the allegations in Paragraph 59 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 59 of the Complaint.

60. Lincoln admits that Plaintiff was, at certain times, employed by St. Luke's and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln admits that it issued the Policy to St. Luke's, which, at certain times, insured benefits from the LTD Plan sponsored by St. Luke's to provide benefits to certain of its employees. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. To the extent that the allegations contained in Paragraph 62 constitute legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations

contained in Paragraph 62 of the Complaint.

63. Lincoln denies the allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 does not contain any allegations to which Lincoln must respond, as it only contains an incomplete sentence. To the extent that the text of this paragraph is meant to be a continuation of Paragraph 63, Lincoln denies all allegations contained in Paragraphs 63-66 of the Complaint.

65. Paragraph 65 does not contain any allegations to which Lincoln must respond, as it only contains an incomplete sentence. To the extent that the text of this paragraph is meant to be a continuation of Paragraph 63, Lincoln denies all allegations contained in Paragraphs 63-66 of the Complaint.

66. Paragraph 66 does not contain any allegations to which Lincoln must respond, as it only contains an incomplete sentence. To the extent that the text of this paragraph is meant to be a continuation of Paragraph 63, Lincoln denies all allegations contained in Paragraphs 63-66 of the Complaint.

67. Lincoln denies the allegations contained in Paragraph 67 of the Complaint.

68. Lincoln denies the allegations contained in Paragraph 68 of the Complaint.

69. Lincoln denies the allegations contained in Paragraph 69 of the Complaint.

70. Lincoln denies the allegations contained in Paragraph 70 of the Complaint.

71. Lincoln denies the allegations contained in Paragraph 71 of the Complaint.

72. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 72 of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the Policy contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff's claim for breach of fiduciary duty and claim under Section 502(a)(3) of ERISA against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under Section 502(a)(1)(B) of ERISA.

7. The damages, if any, claimed by Plaintiff are limited to those available under

ERISA, which precludes recovery of compensatory, punitive, or damages other than recovery of benefits allegedly owed to Plaintiff.

8. Lincoln reserves the right to assert additional defenses.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper

Respectfully submitted,

By: */s/ Dan S. Folluo*

Dan S. Folluo, MOBAR #66582
dfolluo@rhodesokla.com
RHODES HIERONYMUS, JONES, TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173; (918) 592-3390 [fax]
ATTORNEY FOR DEFENDANT

**CERTFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 12th day of August 2024 to be served by operation of the Court's electronic filing system upon the following:

Derrick A. Pearce
dpearce@burnettdriskill.com

Kyle H. Sciolaro
ksciolaro@burnettdriskill.com

*Attorneys for Plaintiff*

*/s/ Dan S. Folluo*
Dan S. Folluo